## NEW AMSTERDAM CASUALTY CO. v. WILKINS et al.

No. 9285.

Court of Civil Appeals of Texas. San Antonio.

March 14, 1934.

Rehearing Denied April 11, 1934.

T. M. West, of San Antonio, and Raymond, Algee, Alvarado & Guerra, of Laredo, for plaintiff in error.

Hicks, Dickson, Bobbitt & Lange, and James M. Williamson, all of Laredo, for defendants in error.

FLY, Chief Justice.

This suit grew out of an award by the Industrial Accident Board to defendant in error Charles Wilkins, hereinafter called defendant, this suit having been filed by plaintiff in error, called plaintiff herein, which sought to set aside the award made to defendant. Defendant filed an answer and cross-action setting up total permanent disability arising from wounds inflicted on him while pursuing his employment under his employer who was the insured of plaintiff in error. The cause was tried by jury to whom special issues were presented by the court, and upon the basis of the findings of the jury the court rendered judgment in a lump sum in favor of the defendant in the amount of $6,373.17, less 6 per cent. discount for cash lump payment. One-third of the amount awarded by the jury to defendant was adjudged to be the property of Hicks, Dickson, Bobbitt & Lange, attorneys for defendant in the suit.

In answer to the issues submitted, the jury found that the injuries inflicted upon defendant had produced permanent total incapacity for labor; that manifest hardship and injustice would result if a lump sum settlement be not made; and that defendant before his injury was earning a weekly wage of $40.38.

■ Propositions No. 1 and 2 are grouped by plaintiff and assail an instruction given by the court as to rent of a house, gas, and water, which were shown to be a part of the weekly wage of defendant. The charge did not purport to be and was not a general one. It merely gave, what is always allowable, instruction as to certain things arising in the case which were to be considered by the jury. These instructions are absolutely necessary in almost every case in which special issues are submitted to a jury.

■ Three methods are provided by article 8309, subsecs. 1, 2, and 3 of section 1, by which the average wage of an injured employee may be ascertained by the jury. The first could not apply in this case, because defendant had not been in the employment of his employer during the whole of the past year; and the second was not available for the reason that the evidence did not provide the data necessary under this subsection and the court properly instructed the jury to arrive at the weekly wage of the defendant under the terms of the third subsection, which is as follows: "When by reason of the shortness of the time of the employment of the employee, or other employee engaged in the same class of work in the manner and for the length of time specified in the above subsections one and two, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties." Under the evidence the court properly instructed the jury to ascertain the weekly wage according to the provision of subsection 3. The third proposition, which assails the charge of the court on the ground of instruction to the jury to ascertain the average wage under subsection 3, is therefore overruled.

■ Proposition 4 offered by plaintiff seeks to assail the action of the court in permitting an 'attorney for defendant to testify in regard to computations connected with the wages of defendant and to read certain sections of the law applicable to workmen's compensation. The proposition is without any basis upon which it can rest because not supported by any assignment of error filed by plaintiff. Being totally unsupported by an assignment of error in the record, the proposition will not be considered.

It seems to have become a rule of action, assumed by insurance companies in workmen's compensation cases, to delay by court action payment of the insurance to persons who generally are fully entitled to it under the law. In this case the facts show a claim for the insurance founded upon injuries that were inflicted and that will totally incapacitate defendant from supporting himself and family during the rest of his life and yet, with these facts before plaintiff in error, a suit has been instituted by it and delay after delay caused defendant in the collection of that which should have been fully paid by the insurance company.

We are unable to say, however, in view of the imperfect presentation of an error which

probably would have caused a reversal of this judgment, that plaintiff was not authorized to prosecute this appeal, and therefore being left to the discretion of this court under the statutes, the court has deemed it proper not to impose the penalty which it would have authority to impose on the insurance company. We wish, however, to issue a warning to insurance companies that unless there is apparent from the record some substantial matter which would allow the prosecution of an appeal, that this court will inflict hereafter a statutory penalty.

The judgment is affirmed.